UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

LIANHUI QI,

    Plaintiff,

v.

KRISTI NOEM, et al.,

    Defendants.

Civil Action No. 5: 25-197-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Lianhui Qi filed this action seeking mandamus relief to compel immigration officials to adjudicate her application for naturalization. *See* [R. 1.]  Before the respondents filed their response, a criminal case against Qi was unsealed on March 31, 2026. *See United States v. Qi*, No. 5:26-CR-6-KKC-MAS-1 (E.D. Ky. 2026), [R. 11, 12 therein].  Thereafter the respondents filed a status report regarding the criminal case in which they requested that the Court "remand this case back to [United States Citizenship and Immigration Services ("USCIS")] with appropriate instructions for the Service to determine the matter" pursuant to 8 U.S.C. § 1447(b). *See* [R. 16]. The Court directed that the motion and Qi's petition be sent to her counsel of record in the criminal case, and ordered Qi to file a response either *pro se* or through counsel. *See* [R. 17].  The deadline to respond has passed without response from Qi.

The governing statute provides that:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  The statute thus affords the district court discretion to either decide the application or remand it to USCIS to consider it in the first instance.  *Cf. Yan Wu v. Rodriguez*, 142 F. Supp. 3d 594, 596 (S.D. Ohio 2015).  That said,

> Nearly all courts, however, that "have considered this question[,] remand the case to USCIS." *Id*.  As the Southern District of Ohio has explained, "[a] district court is ill-suited to decid[e] a naturalization petition; it does not have the resources or experience to properly evaluate the multitude of individual factors that must be considered." *Musaad v. Mueller*, 627 F. Supp. 2d 804, 809 (S.D. Ohio 2007).  Rather, when the law entrusts a governmental agency to make certain decisions, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002) (*quoting Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)) (noting that the policy favoring remand to executive agencies "has obvious importance in the immigration context").

*Abdallah v. Garland*, No. 1:22:CV-00333, 2022 WL 3597881, at *3 (N.D. Ohio Aug. 23, 2022).  *See also Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 842 (E.D. Mich. 2006) (in action challenging delay by USCIS in adjudicating naturalization application, the court remanded to USCIS pursuant to § 1447(b) noting that "… the weight of authority … uniformly supports Defendants' contention that [USCIS] generally should be given the opportunity to decide applications for naturalization in the first instance.").[1]  The Court concurs that USCIS should be afforded the first opportunity to decide the matter and concludes that remand is warranted here.

Accordingly, it is **ORDERED** as follows:

1.      The Defendants' Motion for Remand [R. 16] is **GRANTED**.

2.      The Court's stay of this matter is **LIFTED**.

3.      This matter is **REMANDED** to USCIS pursuant to 8 U.S.C. § 1447(b) to resolve Qi's Application for Naturalization within sixty (60) days.

---

[1]  The respondents do not indicate that any removal proceedings are presently pending, so the prohibition of 8 U.S.C. § 1429 does not apply.  *See Ebu v. U.S. Citizenship & Immigr. Servs.*, 134 F.4th 895, 900-02 (6th Cir. 2025), *cert. denied sub nom. Ebu v. USCIS*, 223 L. Ed. 2d 509 (Jan. 12, 2026).

4.    The Defendants shall ensure that a copy of this Order is transmitted to the appropriate office of USCIS.

5.    This matter is **STRICKEN** from the docket.

Entered:  June 3, 2026.

Signed By:

*Karen K. Caldwell*

**United States District Judge**

3